IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELISAPETA ALAIMALEATA, ET AL., | ) ) ) | Civil No. 23-00164 LEK-KJM |
| Plaintiffs, | ) ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' CONSENT MOTION FOR APPROVAL OF SETTLEMENT OF MINORS' CLAIMS (ECF NO. 169) |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' CONSENT MOTION FOR
APPROVAL OF SETTLEMENT OF MINORS' CLAIMS (ECF NO. 169)

On May 12, 2026, Plaintiffs filed a Consent Motion for Approval of
Settlement of Minors' Claims ("Motion").  ECF No. 169.  Plaintiffs seek approval
of the individual settlements reached by the parties on behalf of 19 minor
plaintiffs.  Plaintiffs state that Defendant United States of America ("Defendant")
consents to the requested relief in the Motion.  *Id.* at 3.

The Court elects to decide the Motion without a hearing pursuant to Rule
7.1(c) of the Local Rules of Practice for the United States District Court for the
District of Hawaii.  After carefully considering the Motion, applicable law, and the
record in this case, the Court FINDS AND RECOMMENDS that the district court
GRANT the Motion for the reasons set forth below.

BACKGROUND

This matter is one of a number of cases filed in this district in which the plaintiffs assert claims under the Federal Tort Claims Act ("FTCA") against the United States arising from the 2021 releases of jet fuel at the Red Hill Bulk Fuel Storage Facility.  Plaintiffs filed their Complaint in April 2023.  ECF No. 1. The operative pleading is the Fourth Amended Complaint, which asserts claims for negligence and nuisance under the FTCA.  ECF No. 70.  The fast-track trial is set for November 16, 2026, before the district court.  ECF No. 147 at 6 ¶ 6.

In a related matter, *Feindt, et al. v. United States*, the plaintiffs assert FTCA claims against the United States related to the November 2021 fuel release.  Civil No. 22-00397 LEK-KJM, D. Haw.  The district court conducted a 10-day bench trial for 17 bellwether plaintiffs beginning on April 29, 2024.  *Feindt*, ECF No. 633 at 1, 2025 WL 2254119, at *1 (D. Haw. Aug. 7, 2025).  The trial included, among other things, testimony from 20 retained experts, over 650 exhibits, and extensive pre- and post-trial briefing and other filings.

On May 7, 2025, the district court issued its Preliminary Findings of Fact and Conclusions of Law.  *Feindt*, ECF No. 621, 2025 WL 1348465 (D. Haw. May 7, 2025).  On August 7, 2025, the district court issued its Findings of Fact and Conclusions of Law ("Final FOFCOL").  *Feindt*, ECF No. 633, 2025 WL 2254119.  In the Final FOFCOL, the district court awarded general damages for

2

each bellwether plaintiff in amounts ranging from $3,000 to $75,000 "for pain and suffering, and, in the case of some Plaintiffs, emotional distress[.]" *Id.* at *61. In general, the minor bellwether plaintiffs received less than the adult bellwether plaintiffs. *See id.* (awarding plaintiffs T.F. and D.J, both who were under two years of age as of the November 2021 spill, $3,000 to $5,000 and awarding adult plaintiffs Aubart, Dietz, Feindt, Jessup, and Witt $37,500 each). The district court also awarded $1,000 in hedonic damages to each bellwether plaintiff and special damages in varying amounts to five bellwether plaintiffs. *Id.*

On March 12, 2026, Defendant filed a Petition for Good Faith Settlement Determination for 22 plaintiffs in this matter, five of whom are minors. ECF No. 146. This Court previously issued a findings and recommendation to adopt the petition, which the district court later adopted. ECF No. 166, 2026 WL 1335377 (D. Haw. Apr. 30, 2026), *adopted by* ECF No. 170, 2026 WL 1330833 (D. Haw. May 13, 2026). On April 24, 2026, Defendant filed a second Petition for Good Faith Settlement Determination for 38 additional plaintiffs, 14 of whom are minors. ECF No. 161. The hearing on the second petition is set for June 10, 2026. ECF No. 162.

On May 12, 2026, Plaintiffs filed the Motion. ECF No. 169. In the Motion, Plaintiffs seek approval of the settlements for the 19 minor plaintiffs that were previously included in the Petitions for Good Faith Settlement Determination.

DISCUSSION

Plaintiffs filed the Motion seeking approval of the settlement for 19 minor plaintiffs. "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)) (citing *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem")).

The Ninth Circuit stated that district courts should "focus[] on the net recovery of the minor plaintiffs under the proposed agreement." *Robidoux*, 638 F.3d at 1181. To that end, courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in

4

the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

The gross settlement amounts for the subject minor plaintiffs range from $5,000 to $27,000. ECF No. 169-1 at 3. The net settlement amounts range from $3,311.46 to $19,697.91 and are calculated by each minor's gross settlement amount less costs, attorneys' fees of 25%, and 4.712% Hawaii general excise tax. *Id.* The net settlement amounts are similar to the recovery of the minor plaintiffs in the *Feindt* bellwether trial and other cases regarding comparable injuries. *See, e.g.*, *Feindt*, ECF No. 633, 2025 WL 2254119, at *61; *Doe v. Lincoln Military Prop. Mgmt. LP*, Case No. 3:20-cv-00224-GPC-AHG, 2020 WL 5587488, at *2, 6 (S.D. Cal. Sept. 18, 2020) (finding minor plaintiffs' net recovery of $19,793.29 and $1,277.04 for injuries including exacerbation of autism, wet coughs, eye infections, sinus infections, lethargy, and shortness of breath, sustained for exposure to black

5

mold and other toxic chemicals fair and reasonable); *Tipton v. Camp Pendleton & Quantico Housing*, LLC, Case No.: 3:22-cv-00167-W-AHG, 2022 WL 5133481, at *3 (S.D. Cal. Oct. 4, 2022) (finding minor plaintiffs' net recoveries of $3,750 for alleged injuries, including apnea, difficulty breathing, sleep walking, rashes, behavioral issues, and psychological symptoms, sustained for exposure to black mold and other toxic chemicals to be fair and reasonable).

In light of the facts of this case, the minor's specific claims, and the typical recovery in similar cases, the Court finds that the settlements for the 19 minor plaintiffs are fair and reasonable. The Court thus recommends that the district court approve the settlements pursuant to Rule 17(c). *See Robidoux*, 638 F.3d at 1182 (noting that the Court must determine if each settlement "is fair and reasonable in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases" and that, "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented").

CONCLUSION

Based on the foregoing, the Court FINDS that the settlements for the 19 minor plaintiffs are fair and reasonable. The Court thus RECOMMENDS that the district court GRANT Plaintiffs' Consent Motion for Approval of Settlement of Minors' Claims (ECF No. 169).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 20, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Alaimaleata, et al. v. United States, et al.*, Civil No. 23-00164 LEK-KJM; Findings and Recommendation to Grant Plaintiffs' Consent Motion for Approval of Settlement of Minors' Claims (ECF No. 169)